IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT SHOTTS, ) | |
| ) | |
| Plaintiff, ) | Cause No.: 1:19-cv-1186 |
| ) | |
| vs. ) | |
| ) | |
| BUCHER & CHRISTIAN CONSULTING, INC. ) | |
| d/b/a BCFORWARD, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

Plaintiff, Robert Shotts, by counsel, and as his Complaint for Damages against Defendant, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Robert Shotts, is a resident of Marion County in the State of Indiana and a former employee of Defendant.

2. Defendant, Bucher & Christian Consulting, Inc. d/b/a BCForward (hereinafter referred to as "BCForward" or "Defendant"), is an employer as defined by 29 U.S.C. §203(d), *et. seq.*, which conducts business in the State of Indiana.

3. Mr. Shotts invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## GENERAL FACTS & SPECIFIC ALLEGATIONS

5. Plaintiff began his employment with the Defendant on or about June 29, 2015 as an information technology consultant.

6. The parties executed an Employment Agreement ("Agreement") on that date, a copy of which is attached hereto as Exhibit A.

7. Pursuant to the Agreement, Plaintiff was to work as an hourly employee who was eligible to work approved overtime.

8. Throughout the course of his employment, Plaintiff worked approved overtime in excess of forty (40) hours per week on numerous occasions and was not paid time and a half as required by the Fair Labor Standards Act.

9. Plaintiff complained on several occasions, including in November or December of 2018, that he was not being paid all of his overtime, but Defendant refused to pay him.

10. On or about January 8, 2019, the Defendant terminated Plaintiff's employment.

11. At all times hereinunder, Defendant has engaged in interstate commerce as defined by the FLSA. 29 U.S.C. §203(r).

12. At all times, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

13. At all times hereinafter mentioned, the Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section (s)(1) of the FLSA U.S.C. x21203(s)(1), in that this enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved produced for commerce by

any person and in that enterprise has had and has annual gross volume of sales made or business done of not less than $500,000.

14. Mr. Shotts was not exempt from the overtime provisions of the FLSA.

15. Mr. Shotts regularly worked in excess of forty (40) hours per week ("overtime hours"), but was not compensated at the rate required by the FLSA. Specifically, Defendant paid Plaintiff straight time for all overtime hours worked.

16. Defendant knew Plaintiff worked the overtime hours.

17. Defendant's conduct in not paying Plaintiff at the required overtime rate under the FLSA was willful and in bad faith.

## COUNT I - FLSA UNPAID OVERTIME

18. Plaintiff incorporates by reference Paragraphs one (1) through seventeen (17) above.

19. During the relevant time period, Defendant violated the provisions of Section 7 of the FLSA, 29 U.S.C. §207 by employing Shotts for workweeks longer than forty hours per week at a rate not less than one and one-half the regular rate of pay for which he was employed.

20. Defendant acted willfully, or with reckless disregard, in failing to pay Shotts in accordance with the law.

WHEREFORE, Plaintiff prays for:

a. An order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime compensation due to Shotts and for liquidated damages in an

   amount equal to the unpaid overtime compensation found due Mr. Shotts;

 b. An Order awarding Shotts his attorneys' fees and costs of this action; and

 c. An Order granting such other relief as may be necessary and proper.

## COUNT II - FLSA RETALIATION

21. Plaintiff incorporates by reference Paragraphs one (1) through twenty (20) above.

22. Plaintiff complained to Defendant that he was not being paid the correct amount of wages and that Defendants' actions were in violation of the Fair Labor Standards Act ("FLSA").

23. Defendant subsequently terminated Plaintiff's employment after he exercised his statutory right to complain.

24. Defendant's decision to termination Mr. Shotts' employment was motivated by, and in retaliation for, his complaints for wages under the FLSA.

25. These actions violated Mr. Shotts' rights and were in violation of The Fair Labor Standards Act of 1938, 29 U.S.C. § 215 *et seq.*

26. As a result of the foregoing, Mr. Shotts has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

27. As a result of Defendant's actions, Mr. Shotts has incurred attorney fees and costs.

28. Defendant's actions were done with malice or willful reckless disregard to Mr. Shotts' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

## COUNT III – INDIANA WAGE CLAIM STATUTE

29. Plaintiff incorporates by reference Paragraphs one (1) through twenty-eight (28) above.

30. Plaintiff, by counsel, brings this action, pursuant to Ind. Code 22-2-9 *et seq.* and Indiana Code 22-2-5 *et seq.*, and in support thereof states as follows:

31. Plaintiff, Robert Shotts, a resident of Marion County, State of Indiana, is a former employee of Defendant.

32. Defendant is a domestic for-profit corporation doing business in Marion County, Indiana.

33. During the entire course of Plaintiff's employment, Defendant has at times worked Plaintiff in excess of forty hours per week and failed to pay him time and one-half required by Indiana law.

34. Plaintiff has requested receive overtime pay, but Defendant has denied Plaintiff's requests.

35. Defendant exercised bad faith in failing to pay Plaintiff his earned wages.

36. Pursuant to Indiana Code 22-2-5-2, Plaintiff is also entitled to recover from Defendant liquidated damages in an amount equal to double the amount of wages due, as well as costs and reasonable attorney's fees.

37. The Commissioner of the Indiana Department of Labor, by and through the Indiana Attorney General, has authorized Plaintiff to pursue his claim for unpaid wages pursuant to Indiana statute.  A true and accurate copy of the authorization letter is attached hereto as Exhibit "B"

38. All conditions precedent to this action have occurred, have been performed or have been excused.

WHEREFORE, Plaintiff prays for judgment against Defendant and an award of damages as follows:

1. Lost wages of 289.25 hours at one half of $29.00 ($14.50), for a total of $4,194.12;

2. Liquidated damages in the amount of $8,388.25;

3. Costs and reasonable attorney fees; and prejudgment interest.

For a final judgment against Defendant in the amount of $12,582.37 in compensation, benefits not received, and liquidated damages, plus prejudgment interest, plus Plaintiff's costs and Plaintiff's reasonable attorney fees incurred herein, and all other just and proper relief.

## COUNT IV - BREACH OF CONTRACT

39. Plaintiff incorporates by reference paragraphs one (1) through thirty-eight (38) herein.

40. On or about June 29, 2015, Plaintiff and Defendant entered into an employment agreement. (Previously Attached hereto as "Exhibit A").

41. Pursuant to the terms of the Employment Agreement, the Defendant is required to pay Plaintiff overtime for approved hours.

42. Throughout the course of Plaintiff's employment, Defendant breached the Employment Agreement when it approved overtime but failed to pay Plaintiff an overtime rate.

43. As a result of Defendant's breach, Plaintiff sustained damages in the form of lost wages.

WHEREFORE, Plaintiff prays for an award of damages, including lost wages, fees and costs, and all other relief just and proper in the premises.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ *Paul J. Cummings*
Paul Cummings, #22713-41


HENN HAWORTH CUMMINGS & PAGE
1634 W Smith Valley Road – Suite B
Greenwood, Indiana 46142
(317) 885-0041 phone
(317) 308-6503 fax
Paul.Cummings@HHCFirm.com

## JURY DEMAND

The Plaintiff, Robert Shotts, pursuant to Trial Rule 38, respectfully requests trial by jury in the above-captioned cause of action.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ *Paul J. Cummings*
Paul Cummings, #22713-41


HENN HAWORTH CUMMINGS & PAGE
1634 W Smith Valley Road – Suite B
Greenwood, Indiana 46142
(317) 885-0041 phone
(888) 308-6503 fax